UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HERSCHEL C. KING,

    Plaintiff,

vs.                                       CASE NO. 3:11-cv-142-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER AND OPINION

This case is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying Plaintiff's claims for disability insurance benefits ("DIB"). 42 U.S.C. § 405(g). Plaintiff filed a legal memorandum in opposition to the Commissioner's decision (Doc. #13). Defendant filed a memorandum in support of the decision to deny disability benefits (Doc. #17). Both parties consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated November 9, 2011 (Doc. #20). The Commissioner has filed the transcript of the underlying administrative proceedings and the record evidence (hereinafter referred to as "Tr." followed by the appropriate page number).

The undersigned has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the undersigned found the issues raised by Plaintiff were fully briefed, and determined oral

1

argument would not benefit the undersigned in making his determinations. Accordingly, the instant matter has been decided on the written record. For the reasons set out herein, **the Commissioner's decision is REVERSED and the case is REMANDED** for additional proceedings.

## I. Procedural History

On December 5, 2006, the Plaintiff protectively filed an application for DIB alleging disability beginning December 1, 2006. His claim was denied initially on March 12, 2007 (Tr. 58) and upon reconsideration (Tr. 60). On October 12, 2007, Plaintiff filed a request for a hearing by an ALJ (Tr. 71). A hearing was held July 21, 2009, at which Plaintiff was represented by attorney Richard A. Schwartz (Tr. 27-57). On August 13, 2009, the ALJ found Plaintiff not disabled and issued a notice of unfavorable decision (Tr. 7-25). On October 10, 2009, Plaintiff filed a request for review of the ALJ's decision (Tr. 6). On January 4, 2011, the Appeals Council denied review (Tr. 1-4). Plaintiff filed the instant action in federal court on February 14, 2011, requesting this Court reverse and set aside the decision of the Commissioner, or remand for a *de novo* hearing (Doc. #1).

## II. Summary of the ALJ's Decision

A plaintiff may be entitled to disability benefits under the Social Security Act if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). The Commissioner has established a five-step sequential evaluation process for

determining whether a plaintiff is disabled and therefore entitled to benefits.[1] *See* 20 C.F.R. §§ 404.1520[2]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 1, 2006, his alleged onset date (Tr. 14). At step two, the ALJ found Plaintiff suffered from the following severe impairments: generalized osteoarthritis, bilateral shoulder rotator cuff disease, fibromyalgia, and esophageal reflux disease. *Id.* At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Pt. 404 Subpt. P (Tr. 38). At step four, the ALJ found Plaintiff retained the residual functional capacity ("RFC") "to perform a slightly reduced range of sedentary work"[3] and required "the liberal ability to change positions." *Id.* Utilizing the testimony of a vocational expert ("VE"), the ALJ found Plaintiff was able to perform his past relevant

---

[1] First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520©. Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). A plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

[2] Unless otherwise specified, all references to 20 C.F.R. will be to the 2011 edition.

[3] Sedentary work is defined as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

3

work as a "county manager/commissioner (DOT #188.117-114, svp 8, skilled, sedentary)" (Tr. 24). Therefore, the ALJ found Plaintiff was not under a disability from December 1, 2006, the alleged onset date, through the date of his decision. *Id.*

### III. STANDARD OF REVIEW

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual

4

findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

As in all Social Security disability cases, a plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

### IV. Analysis

Plaintiff raises four arguments on appeal. First, Plaintiff argues the Appeals Council did not apply the correct legal standards by failing to consider new and material evidence. Second, Plaintiff argues the ALJ failed to make findings about the duties and physical requirements of Plaintiff's past relevant work and his ability to perform those duties in spite of his impairments. Third, Plaintiff argues the ALJ erred in relying on VE testimony that

5

conflicted with the Dictionary of Occupational Titles as to Plaintiff's past work. Fourth, Plaintiff argues the ALJ erred in finding Plaintiff failed to follow recommended treatment.

Upon review of the ALJ's decision and the record evidence, the Court finds reversible error. Specifically, the Court finds the ALJ's determination that Plaintiff is able to perform is past relevant work as a "county manager/commissioner" is not supported by substantial evidence. Therefore, the Court will limit its analysis to this dispositive issue.

In the instant case, Plaintiff served two terms as a county commissioner for Flagler County. The ALJ found Plaintiff capable of performing his past relevant work as a "county manager/commissioner" because such work "does not require the performance of work-related activities precluded by the claimant's residual functional capacity" (Tr. 24). The ALJ utilized and relied upon the testimony of a VE, who identified the position of "county manager/commissioner (DOT #188.117-114, svp 8, skilled, sedentary)" as Plaintiff's past relevant work. *Id.* The VE testified a person with the RFC identified by the ALJ could perform the position of a county manager as actually and generally performed (Tr. 24-25). The ALJ stated, "In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned find that the claimant is able to perform it as actually performed" (Tr. 25).

Plaintiff contends the DOT description for "county manager" identified by the VE and relied upon by the ALJ does not accurately represent Plaintiff's past relevant work as a county commissioner, as generally or actually performed. Plaintiff argues the position of county commissioner is distinctive from that of county manager, because a county commissioner is an elected official. Plaintiff also argues campaigning is an inherent part

6

of obtaining and holding elected office, and the ALJ failed to account for this aspect of his past relevant work. Plaintiff argues the ALJ did not properly assess Plaintiff's ability to do his past relevant work because he did not develop evidence of the physical requirements of his work as an elected official, including the physical requirements of campaigning.

A claimant is not disabled if he retains the RFC to perform his past relevant work as actually performed by the claimant or as generally performed throughout the national economy. 20 C.F.R. § 404.1560(b); SSR 82-61, 1982 WL 31387 (S.S.A. 1982). "The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision." SSR 82-61. Furthermore, an ALJ has an obligation to inquire into the specific nature of the responsibilities and demands of a claimant's job as he actually performed it. *Nazario v. Astrue*, No. 07-61833-CIV, 2009 WL 347424, at *16 (S.D. Fla. Feb. 11, 2009)[4]; *see also Pfitzner v. Apfel*, 169 F.3d 566, 569 (8th Cir. 1999). Such inquiry is important because the ALJ must correctly identify and define the claimant's past relevant work at step four.

> When an ALJ misidentifies a claimant's past relevant work and defines her past relevant work with a description of a job in which she never actually engaged, he effectively proceeds to step five in the sequential analysis. . . . In view of the significant difference between the analysis at steps four and five of the framework, it is extremely important that the ALJ limit his step-four analysis to only those jobs, whether as actually performed or as generally performed, that the claimant has, in fact, done.

---

[4] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

*Nazario,* 2009 WL 347424, at *16.

In *Nazario*, the Southern District of Florida outlined guiding principles gleamed after examining several circuit court cases that dealt with an ALJ allegedly misidentifying a claimant's past relevant work or defining the claimant's past relevant work with a description of a job in which he never engaged.

> First, the claimant bears the burden of showing that she cannot return to both her prior actual job and her prior type of work as that work is generally performed in the national economy. Second, an ALJ may consider job descriptions found in the *DOT* when determining whether a claimant may return to her prior type of work as that work is generally performed in the national economy. Third, in determining which *DOT* job descriptions to consider, the ALJ must take into account the actual physical and mental demands of the claimant's past relevant work. Fourth, if the ALJ chooses a *DOT* job description that does not appear to match the claimant's actual job based on the evidence of record, the ALJ must state whether he is rejecting or finding not to be determinative any portion of the claimant's evidence regarding her actual work duties. Fifth, if so, the ALJ must explain why he does not find the claimant's evidence to be credible or determinative of the job description applying to the claimant's work as it is generally performed in the national economy. Sixth, in such a situation, the ALJ must explain why he has selected the particular *DOT* job description upon which he relies. Finally, the ALJ must discuss why the claimant's impairments do not prevent the claimant from returning to prior relevant work the way that work is generally performed (as described in the *DOT* if the ALJ chooses to rely upon that).

*Id.* at 19.

In the instant case, the ALJ did not engage in this type of analysis in his opinion. At the hearing, Plaintiff testified he was not a county manager, and had not performed the duties of a county manager as described in the DOT[5] (Tr. 32-33, 42, 55). Plaintiff testified

---

[5] The description of "county manager" in the DOT is as follows:

Directs and coordinates administration of city or county government in accordance with policies determined by city counsel or other authorized

(continued...)

8

the position of county manager identified by the VE is more akin to that of the county administrator[6] (Tr. 32, 42). The county administrator, in Flagler County and in other counties throughout the nation, is an appointed official who manages the day-to-day administration of the county government. Plaintiff, on the other hand, was an elected official answerable to his constituents and who engaged in legislative activities. The VE testified "there is absolutely no DOT description for County Commissioner, so I had to get what was as close to that as appeared possible" (Tr. 51). However, the description given by Plaintiff of his job duties is not consistent with the description of a county manager[7] (Tr.

---

[5](...continued)
    elected officials: Appoints department heads and staffs as provided by state laws and local ordinances. Supervises activities of departments performing functions such as collection and disbursement of taxes, law enforcement, maintenance of public health, construction of public works, and purchase of supplies and equipment. Prepares annual budget and submits estimates to authorized elected officials for approval. Plans for future development of urban and nonurban areas to provide for population growth and expansion of public services. May recommend zoning regulation controlling location and development of residential and commercial areas. May perform duties of one or more city or county officials as designated by local laws.

DOT #188.117-114, 1991 WL 671449 (1991).

[6] Plaintiff stated the county administrator is "essentially the chief of staff," who handles the day-to-day business of the county, oversees all county employees, prepares and issues an agenda to the commissioners with staff recommendations prior to meetings, and acts as a liaison between the commissioners and county employees (Tr. 32, 42, 55).

[7] Plaintiff described his duties as interacting with constituents and addressing their concerns, primarily via telephone, attending bi-monthly meetings and workshops, communicating with the county administrator, approving the county budget, reviewing county staff recommendations regarding pending legislation, and voting (Tr. 31-32, 42, 54-55). Plaintiff stated he did not supervise or direct any county employees, did not coordinate the day-to-day functions of the county government, and did not have any direct duties beyond addressing the concerns of constituents (Tr. 32, 42). Plaintiff stated a county commissioner "has no statutory authority to ask an employee of the county any question,
(continued...)

31-33, 42). *See Eskra v. Astrue,* No. 4:06-cv-851-ERW-DDN, 2007 WL 5110320, at *6 (E.D. Mo. July 19, 2007) (finding DOT section cited by ALJ inapplicable to plaintiff because it contained "many requirements and responsibilities not performed by plaintiff"); SSR 82-62, 1982 WL 31386 (S.S.A. 1982) ("The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work."). Moreover, the VE never actually testified that the duties described by Plaintiff were consistent with those found in the DOT description of county manager. In fact, the VE was unable to provide a description of the duties of a county commissioner when questioned by Plaintiff's counsel (Tr. 53).

Thus, the ALJ relied on VE testimony that the position of "county manager" qualified as past relevant work, notwithstanding the fact that Plaintiff offered testimony rebutting the applicability of this section, and without discussing or resolving this apparent discrepancy. This is particularly troubling, because the ALJ specifically found Plaintiff retained the ability to meet the physical and mental demands of his past work "as actually performed" (Tr. 25). By finding Plaintiff could return to work he had never performed, the ALJ effectively skipped step four of his analysis and moved to step five.

Accordingly, the Court finds it was error for the ALJ to rely on the position of county manager, without explaining why he found this job description to be applicable, in light of

---

[7](...continued)
other than the county administrator. No employee is directed by a county commissioner" (Tr. 32). Plaintiff stated he could not circumvent the county administrator by directly questioning or interacting with county employees outside of public meetings because of Florida's Sunshine Law (Tr. 55).

Plaintiff's affirmative testimony that he was not a county manager, the conflicting job description he provided, and the inherent differences that exist between administrative and legislative, as well as elected and appointed, government offices. *See Simmons v. Chater,* 70 F.3d 112 (4th Cir. 1995) (remanding because ALJ failed to consider whether the claimant rebutted the *DOT*'s definition of her prior relevant work); *Betancourt v. Sullivan,* 912 F.2d 468 (9th Cir. 1990) (error for ALJ to apply *DOT* job description when considering whether the claimant could return to his past relevant work as generally performed, where the claimant's testimony could be construed as rebutting the applicability of the particular *DOT* category selected by the ALJ, there was no evidence in the record to indicate whether the ALJ considered or rejected the claimant's testimony regarding his prior job duties, nothing in the record indicated why the ALJ chose the *DOT* job description he did, and the record did not show that the ALJ determined that the claimant's description of his actual job duties would not distinguish his position from the *DOT* description relied upon by the ALJ); *Parsons v. Apfel,* 101 F.Supp.2d 357 (D. Md. 2000) (error for ALJ to rely upon *DOT* description of "consultant," when uncontradicted testimony in record did not appear on its face to meet the *DOT* definition and ALJ did not explain what he considered to be the pertinent duties of the claimant's past relevant work). As such, the ALJ committed error at step four of his analysis.

As noted earlier, Plaintiff argues campaigning is an integral part of the work of a county commissioner and is a physically daunting task. Plaintiff argues the ALJ failed to account for this aspect of his past relevant work and to develop evidence of the physical requirements of Plaintiff's work as an elected official, including the physical demands of

11

campaigning. At the hearing, Plaintiff testified he did not prevail in reelection because of the pain and symptoms associated with his impairments, as he was not able to campaign like he had previously in his first two terms (Tr. 43, 48). Plaintiff also testified his opponent used Plaintiff's inability to sit for long periods of time during meetings without standing up and walking around against him when he was a candidate for reelection (Tr. 46).

In general, when determining if a claimant can return to his past relevant work, the proper inquiry is whether the claimant can perform the physical duties and responsibilities of the job, not whether he can actually obtain the job in question. *See Schnorr v. Bowen*, 816 F.2d 578, 581 n.4 (11th Cir. 1987) ("The determination of whether [plaintiff] can return to his past relevant work cannot be dependent on [plaintiff's] ability to raise capital to purchase a service station, and our use of the term 'owner-operator' is not intended to imply otherwise. Rather the proper inquiry is whether [plaintiff] can perform the physical duties and responsibilities of an owner-operator of a service station."). This case, however, involves a fairly unique situation, because Plaintiff's only apparent past relevant work experience is as an elected government official, and Plaintiff argues campaigning is part and parcel of obtaining and holding an elected office.

The Court has not been able to find any authority addressing this issue or involving a similar set of facts. This case raises the issue of whether campaigning for an elected office is part of the job description in a nation that has traditionally valued the "citizen-legislator" as a way of obtaining diverse backgrounds in legislative bodies.[8] It may be a

---

[8] Plaintiff testified before the ALJ that he was a "potato farmer" (Tr. 54). Plaintiff stated he was a potato farmer from 1970 to 1989 (Tr. 56), thus that was not gainful employment within last 15 years. Plaintiff has also stated the position of commissioner was not "full-time
(continued...)

prerequisite to obtain the job, but is it part of the job? "Running for office" would have no apparent remuneration. Generally, it would be assumed that candidates and elected officials would have some other work or career background to go back to since there is no guarantee that an elected official will be returned to an office. However, it is neither necessary nor appropriate for the Court to attempt to resolve this issue at this time. Rather, the Commissioner should do so either by regulation or opinion.

Regardless, in this case the ALJ found Plaintiff could return to work he had never performed and without proper consideration of what his previous work entailed. Because the Court has already determined the ALJ committed error at step four, the Court declines to further address the issue of whether campaigning is part of the duties of performing in an elected position.

## IV. Conclusion

Accordingly, the decision of the Commissioner shall be **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g). The case is **REMANDED** for additional proceedings consistent with this Order and Opinion. On remand, the ALJ shall reopen the record and accept any additional evidence deemed appropriate. The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file.[9]

---

[8](...continued)
job. I had no office, I had no 'set' office hours, I **was not** involved in the daily oversight of the function of the county" (Tr. 193) (emphasis in original).

[9] If Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) **must be filed within thirty (30) days** of the Commissioner's final decision to award benefits. *See Bergen v. Comm'r Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006) (recognizing under Fed. R. Civ. P. 54(d)(2)(B) the district court may enlarge the time for any attorney to petition for fees and
(continued...)

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of March, 2012.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to: All counsel of record
and *Pro se* parties, if any

---

$^9$(...continued)
suggesting time be stated in the judgment); *compare with* Fed. R. Civ. P. 54(d)(2)(B) and M.D. Fla. Loc. R. 4.18(a) (both requiring that unless a statute **or court order** provides otherwise, any motion for attorney fees must be filed no later than fourteen (14) days after entry of judgment) (emphasis added). This Order and Opinion does not, however, extend the time limits for filing a motion for attorney fees under the Equal Access to Justice Act.